**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION AT LEXINGTON**

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**

**SHONTAIL MARIE HOCKER,**

**Defendant.**

**CASE NOs:**
**5:18-CR-028-KKC-1**
**5:18-CR-158-KKC**

**OPINION and ORDER**

*** *** ***

This matter is before the Court on Defendant Shontail Hocker's motions for early termination of supervised release, filed in both of her related cases: 5:18-CR-028-KKC-1 ("18-28 Case"), and 5:18-CR-158-KKC ("18-158 Case"). (18-28 Case R. 134; 18-158 Case R. 30.) Both the United States and United States Probation Office do not oppose her request. For the following reasons, Hocker's motions are granted.

## I. BACKGROUND

Hocker was originally charged with a variety of drug offenses. (18-28 Case R. 1, 27.) In a companion indictment from the Southern District of California, Hocker was charged with conspiracy to launder money, which was related to her drug trafficking crimes. (18-158 Case R. 1-1.) This case was later transferred to this Court. (18-158 Case R. 1.) On September 10, 2018, Hocker pled guilty to drug charges pursuant to a plea agreement. (18-28 Case R. 67.) On December 5, 2018, she pled guilty to the money laundering conspiracy. (18-158 Case R. 9, 11.) On December 10, 2018, Hocker was sentenced to concurrent terms of 96 months imprisonment for all the charges; that is, conspiracy to distribute 5 kilograms or more of cocaine, possession with intent to distribute 40 grams or more of fentanyl, and money

laundering. The Court also imposed a total 5-year term of supervised release. (18-28 Case R. 98; 18-158 Case R. 14.) Hocker began her term of supervised release on December 4, 2023.

## II. ANALYSIS

Pursuant to 18 U.S.C. § 3583(e)(1), the sentencing court may consider termination of a period of supervised release any time after the expiration of one year of supervised release. The court may do so only after considering certain sentencing factors set forth at 18 U.S.C. § 3553(a), and only if the court "is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." *Id.* Some § 3553(a) factors may be more relevant than others, and the law does not require district courts to provide "ritualistic one-by-one incantation of each factor." *United States v. Coleman*, 835 F.3d 606, 616 (6th Cir. 2016). The district court need only "set forth enough to satisfy" the court of appeals that it "has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decision-making authority." *United States v. Jones*, 980 F.3d 1098, 1113 (6th Cir. 2020).

The relevant sentencing factors at § 3553(a) include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed—

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for—

(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . .

(5) any pertinent policy statement . . .

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

Hocker asks the Court to terminate his supervised release for several factors, including: (1) her full compliance with release terms since December 2023; (2) steady employment despite "suffering significant injuries a motor vehicle collision"; and (3) her overall "responsibility, maturity and accountability." The United States confirms that Hocker has fully complied with the terms of her supervised release.

After careful consideration of the applicable § 3553(a) factors, the Court concludes that this case warrants early termination of supervised release. Although the nature and circumstances underlying the offenses are serious, the remaining factors weigh in Hocker's favor. Hocker is not in need of any treatment for substance abuse, mental health, or other concerns. She is gainfully employed. The public does not need to be protected from her, nor is there any outstanding financial obligation or restitution owed. In light of these factors, the interests of justice support early termination of her supervised release.

## III. CONCLUSION

After considering the relevant § 3553(a) factors and the interest of justice, the Court hereby ORDERS that Hocker's motions for early termination of supervised release (18-28 Case R. 134; 18-158 Case R. 30.) are GRANTED. Hocker's term of supervised release is TERMINATED as of this date.

This 19th day of August, 2026.

**Signed By:**
***Karen K. Caldwell*** KKC
**United States District Judge**